UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BRAYAN R. NUNEZ CRISANTO, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1270-B |
| | § | |
| CALADAN OCEANIC, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Brayan R. Nunez Crisanto's (Crisanto) Motion to Remand. Doc. 9. For the reasons stated below, the Court **DENIES** the motion.

### I.[1]

### BACKGROUND

This is a personal-injury case. In June 2017, Crisanto, a Washington resident, was injured while working as an oilman for Defendant Caladan Oceanic (Caladan), a Texas limited liability company.[2] Doc. 1-1, Pl.'s Original Pet., ¶¶ 3–8. In April 2018, Crisanto sued Caladan in Texas state court, asserting common-law negligence under the general maritime law of the United States. *Id.* ¶ 2. Crisanto seeks more than $75,000 in damages. *Id.* ¶ 1. Caladan removed this case pursuant to 28

---

[1]The Court draws its facts from Crisanto's original petition, Doc. 1-1, and the parties' motion-to-remand briefing.

[2]In its Notice of Removal, Caladan says it is a Texas citizen, and therefore diverse from Crisanto, because its principal place of business is in Texas. Doc. 1, Def.'s Notice Removal, ¶ 9. But "the citizenship of an LLC is determined by the citizenship of all of its members," not its principal place of business. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). So the Court issued an Order to Show Cause asking Caladan to verify the citizenships of its members. Doc. 15. Caladan confirmed its Texas citizenship in its response by explaining that its sole member is from Texas. Doc. 16, Def.'s Resp. to Order to Show Cause., 1.

U.S.C. § 1441 based on admiralty jurisdiction, 28 U.S.C. § 1333, and diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1, Def.'s Notice Removal, ¶¶ 8–9. In June 2018, Crisanto filed a motion to remand, which is ripe for consideration. Doc. 9.

## II.
## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). 28 U.S.C. § 1441(a) allows a defendant to remove any civil action to federal court if that action falls within the district court's original jurisdiction. The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). District courts "must presume that a suit lies outside [their] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916.

## III.
## ANALYSIS

Caladan seeks removal under § 1441. Doc. 1, Notice of Removal, 1. Caladan says § 1441 permits removal of admiralty at law cases without an independent source of jurisdiction. Doc. 11, Def.'s Resp., 2–8. But even if the Court were to require an independent source of jurisdiction to remove this admiralty at law case, Caladan argues the Court has diversity jurisdiction because it is a Texas LLC and Crisanto is from Washington and seeks more than $75,000. *Id.* at 8–9. Crisanto contends that Caladan must demonstrate an independent jurisdictional source to remove this case and it has not because, although the parties are completely diverse, the forum-defendant rule (§

1441(b)(2)) bars Crisanto, a Texas resident, from removing to a federal court in Texas. Doc. 9, Pl.'s Mot. to Remand, 3.

Federal courts have original jurisdiction over admiralty cases under § 1333. Sections 1331 and 1332, among other statutes, provide federal courts jurisdiction over claims at law. *Riley v. Llog Expl. Co. LLC*, No. CIV.A. 14-437, 2014 WL 4345002, at *3 (E.D. La. Aug. 28, 2014).

Section 1333's saving-to-suitors clause permits in personam plaintiffs to choose whether to proceed in admiralty in federal court or pursue their at-law admiralty claims in a civil action in either federal or state court. 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3674 (4th ed. 2014). Plaintiffs may file their at-law admiralty claims in federal court if there is a jurisdictional basis to get into federal court other than admiralty. Fed. R. Civ. P. 9(h); *see also Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 378 (1959). Plaintiffs can also pursue their at-law admiralty claims in state court. *Bodden v. Osgood*, 879 F.2d 184, 186 (5th Cir. 1989). But they cannot file their admiralty claims in state court because § 1333 gives federal courts exclusive jurisdiction over admiralty claims. *Id.* "Because admiralty jurisdiction is exclusively federal, a true 'admiralty' claim is never cognizable in state court." *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1487 (5th Cir. 1992). So when plaintiffs file admiralty cases in state court, their claims are at-law, not admiralty claims. *Bodden*, 879 F.2d at 186.

Until 2011, it was well settled that defendants could not remove under § 1441 based on § 1333 admiralty jurisdiction without demonstrating diversity jurisdiction in part because at-law admiralty claims do not arise under federal law. *Bodden*, 879 F.2d 184, 186 (5th Cir. 1989); *see also In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991). The pre-2011 version of § 1441(b) read:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States

shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1441 (2006). "Any other action" includes at-law admiralty claims because they do not arise under federal law. So at-law admiralty claims could only be removed if there was an independent jurisdictional source and the forum-defendant rule was satisfied. *Id.*; *see also In re Dutile*, 935 F.2d at 63.

In 2011, Congress amended § 1441(b), which now reads:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1441(b)(2). Absent now is the "[a]ny other such action" language. Nevertheless, the Fifth Circuit in dicta[3] suggested that "cases invoking admiralty jurisdiction under . . . § 1333 may [still] require complete diversity prior to removal" under the amended version of § 1441(b). *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013).

*Barker*'s equivocal dicta has done nothing to put out the fiery dispute among district courts regarding whether the amended version of § 1441(b) requires removing defendants to demonstrate an independent source of jurisdiction. A majority of district courts both in and outside of the Fifth Circuit has found that the amended version of § 1441(b) does not provide "any indication that [Congress] intended to make substantive changes to removal of admiralty matters," meaning at-law

---

[3] The Fifth Circuit in *Barker* interpreted the amended version of § 1441(b) to support its holding regarding the pre-2011 version of § 1441(b).

admiralty claims are still not removable without an independent basis for jurisdiction. *Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 764 (E.D. La. 2014); *see Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809–10 (M.D. La. 2015) (citing cases); *see also Forde v. Hornblower N.Y., LLC*, 243 F. Supp. 3d 461, 464 (S.D.N.Y. 2017).

The minority approach, led by *Ryan v. Hercules Offshore, Inc.*, brushes off *Barker*'s analysis as dicta and finds the amended version of § 1441(b) no longer requires removing parties to provide an independent jurisdictional basis. 945 F. Supp. 2d 772, 777 (S.D. Tex. 2013) ("The [*Barker*] court . . . did not directly address this issue."); *see Langlois*, 139 F. Supp. 3d 804, 809–10 (M.D. La. 2015) (citing cases). The majority approach is gaining ground. Most district judges disagree with *Ryan*, *Nassau Cty. Bridge Auth. v. Olsen*, 130 F. Supp. 3d 753, 763 (E.D.N.Y. 2015)—even the judge who authored *Ryan* appears to have changed course, *see Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015). A judge in this district rejected *Ryan* earlier this year. *Palmer v. Beach Dryden Scuba Enters., LLC*, No.3:17-CV-1819-L, 2018 WL 1569890, at *5 (N.D. Tex. Mar. 30, 2018).

The Fifth Circuit has not yet resolved this dispute. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (explaining that "whether the saving-to-suitors clause of the federal maritime statute prohibits removal of general maritime claims absent an independent basis for federal jurisdiction in light of Congress's December 2011 amendment to the federal removal statute . . . is not clear" "because there is no binding precedent from this circuit").

The Court need not choose sides today because Caladan has demonstrated that the Court has an independent source of jurisdiction: diversity jurisdiction. District courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000[,] . . . and is

between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). To invoke the statute, the parties must be completely diverse, meaning "each plaintiff must be of a different citizenship than each defendant." *Lowe v. Ingalls Shipbldg., A Div. Of Litton Sys., Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984). But even when jurisdiction is properly based on diversity, "an action otherwise removable solely on the basis of . . . section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Crisanto does not dispute that the jurisdictional requirements for diversity jurisdiction are met—he, a Washington resident, is suing Caladan, a Texas LLC, for more than $75,000. Doc. 1-1, Pl.'s Original Pet., ¶¶ 1, 3–4. Instead, Crisanto argues that the forum-defendant rule bars Caladan from removing this case because Caladan is a Texas resident. Doc. 9, Pl.'s Mot., 9. Under the pre-2011 version of § 1442(b), Crisanto might have had a point. *In re Dutile*, 935 F.2d at 63 ("We have concluded that admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship."). But under the amended version of § 1441(b)(2), the forum-defendant rule only applies to defendants removing "solely on the basis of" diversity jurisdiction. And Caladan did not remove solely on the basis of diversity jurisdiction—it removed "pursuant to 28 U.S.C. §§ 1332, 1333, and 1441." Doc. 1, Notice of Removal, 1. This is true even though Caladan's independent source of jurisdiction is diversity jurisdiction because the forum-defendant rule is procedural, not jurisdictional. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 396 (5th Cir. 2009). In other words, whether the removing defendant is a resident of the forum affects whether that defendant can remove, not whether there is diversity

jurisdiction. And, assuming the majority approach is correct, defendants removing admiralty cases under §§ 1333 and 1441 need only show that they meet the jurisdictional requirements of diversity jurisdiction, and the parties agree Caladan has. So the Court cannot remand.

## IV.

## CONCLUSION

For the reasons stated, the Court **DENIES** Crisanto's Motion to Remand, Doc. 9.

**SO ORDERED.**

**SIGNED: August 1, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE