## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BRAYAN R. NUNEZ CRISANTO** | § | |
| **Plaintiffs** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 3:18—CV-01270-B** |
| | § | |
| **CALADAN OCEANIC, LLC** | § | |
| **Defendant** | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brayan R. Nunez Crisanto, hereinafter referred to as 'Plaintiff', complaining of Caladan Oceanic, LLC, hereinafter referred to as 'Defendant', and would respectfully show as follows:

I.

JURISDICTION

This is an action within the maritime jurisdiction of this Court. This claim is maintained under the Jones Act, 46 U.S.C. § 30104, and the general maritime Law of the United States.

II.

PARTIES

Plaintiff, Brayan R. Nunez Crisanto, a person of majority age, is a resident of East Wenatchee, Washington. Plaintiff is an American seaman and brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

Defendant, Caladan Oceanic, LLC, is a domestic corporation doing substantial business in the Northern District of Texas. This Defendant was previously served with due process of Plaintiff's original petition and subsequently entered an appearance and filed an answer to

EXHIBIT A

Plaintiff's original petition before this action was removed to federal court.

III.
VENUE

Venue is proper in this district under 46 U.S.C. §30104 because Defendant resides in this district and Defendant does substantial business in this district. *See* 45 U.S.C. §56.

IV.
FACTS

Brayan R. Nunez Crisanto would show that this lawsuit has become necessary as a result of personal injuries received on or about June 17, 2017. At all material times, Plaintiff was employed as an oilman by Defendant, Caladan Oceanic, LLC, in service of the DSSV PRESSURE DROP, a vessel, and Plaintiff was a member of the vessel's crew. At all material times, the DSSV PRESSURE DROP was owned and/or operated by Defendant, Caladan Oceanic, LLC. At all material times, the DSSV PRESSURE DROP was in navigable waters near Seattle, Washington.

On or about June 17, 2017, employees and/or agents of Defendants negligently caused Plaintiff to sustain injuries when he fell through grating from one level of the vessel to another. At the time of the occurrence, the chief mate ordered Plaintiff, Brayan R. Nunez Crisanto, to put back plates on the vessel from top to bottom. Plaintiff went to pick the bolts and brackets to secure the back plates and while in route, Plaintiff fell through some loose grating. He fell from the main deck area of the vessel to the main generator room. As a result of Defendant's negligence and the condition of its vessel, Plaintiff was hospitalized and sustained serious and debilitating injuries and fractures to his back and ribs, among other parts of his body.

V.
FIRST CAUSE OF ACTION FOR NEGLIGENCE

On or about June 17, 2017, Defendant, Caladan Oceanic, LLC, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. At all relevant times, it was feasible for

Defendant to provide to Plaintiff, and Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work.  Plaintiff further contends that on the occasion in question, Defendant, acting through its officers, agents, servants and/or employees, was careless and negligent in the following respects:

1.  In failing to provide a safe work environment;

2.  In failing to properly inspect the deck level and grating;

3.  In failing to adequately warn Plaintiff of the defective grating;

4.  In failing to repair and/or replace the unsafe grating at issue;

5.  In failing to properly train crewmembers and supervise work operations;

6.  In failing to provide Plaintiff with safe walkways and means of access throughout the vessel; and,

7.  Other acts of negligence as proven at time of trial.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, Caladan Oceanic, LLC, is liable to Plaintiff in damages.

## VI.
## SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

At all times material hereto, Defendant, Caladan Oceanic, LLC, owned, operated, and/or controlled the DSSV PRESSURE DROP.  At all relevant times, it was feasible for Defendant to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendant, Caladan Oceanic, LLC, breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter. On or about June 17, 2017, Defendant, Caladan Oceanic, LLC, was careless

and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

1.      The vessel had an incompetent master and crew;

2.      The vessel's grating was in an unsafe condition;

3.      The vessel lacked safe walkways for crewmembers;

4.      The vessel lacked barriers and/or warning signs to alert of the unsafe grating; and,

5.      Other unseaworthy conditions as proven at time of trial.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, Caladan Oceanic, LLC, is liable to Plaintiff in damages.

VII.
THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE AGAINST DEFENDANT
CALADAN OCEANIC, LLC

As a result of the shipboard injuries described herein which manifested themselves while Plaintiff was in the service of the DSSV PRESSURE DROP, Plaintiff has sought reasonable and necessary medical treatment, and is entitled to maintenance at a rate of $50.00 per day.  On or about June 17, 2017, and on other dates thereafter, and ever since, Defendant, Caladan Oceanic, LLC, has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties Defendant owes to Plaintiff. Plaintiff further alleges that it was, and still is, the duty of Defendant, as his employer, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendant, Caladan Oceanic, LLC, has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing and said Defendant has further unreasonably, arbitrarily, willfully and capriciously refused to provide him with medical cure.  As a result of said Defendant's unreasonable failure to provide

maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses.

Defendant is aware of Plaintiff's need for medical care for the injury caused by and manifested while Plaintiff was in the service of its vessel, which treatment Plaintiff continues to need, wants and intends to undergo and has also requested that Defendant authorize and pay for his prescribed medical treatment. As a result of said Defendant's negligence, willful, arbitrary and capricious failure to investigate Plaintiff's cure claim, provide prescribed medical treatment for Plaintiff's injuries and pay maintenance benefits, Plaintiff's physical and mental pain and suffering have been aggravated and intensified and his recovery has been prolonged, delayed and impaired. By reason of the foregoing, Plaintiff seeks, and is entitled to recover from Defendant, Caladan Oceanic, LLC, all expenses associated with necessary reasonable medical care from June 17, 2017 until he reaches maximum medical cure according to his treating physician, and payment of maintenance at $50.00 per day during this same time period.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him.   Plaintiff is therefore entitled to recover compensatory damages for Defendant's refusal to honor its cure obligation in the amount of TWO HUNDRED FIFTY THOUSAND AND NO/100 ($250,000.00) DOLLARS, plus reasonable attorney's fees in an amount to be set by this Court because Plaintiff had to retain counsel to pursue this cause of action.

VIII.
ALTERNATIVE CLAIM

In the alternative, and without waiving the foregoing, should it be found or held that Plaintiff is not a Jones Act seaman, this claim is maintained under 41 U.S.C.A. § 1349, U.S.C.A. §901, and 33 U.S.C. § 905(b), and the general maritime law of the United States, as hereinafter more fully appears.  At all material times, Defendant, Caladan Oceanic, LLC, was the owner and operator of the DSSV PRESSURE DROP.  Defendant was negligent as it failed to inspect and repair the grating and main deck flooring to make the deck safe for all intended purposes. Defendant was negligent in allowing the grating to remain in an unsafe condition and in failing to adequately warn Plaintiff of the defective condition.

IX.
DAMAGES

As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date.  Plaintiff is informed and believes and alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial.  Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries.  By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, Caladan Oceanic, LLC, is liable to Plaintiff:

1. Reasonable and necessary medical expenses in the past and in the future;

2. Physical pain and suffering in the past and in the future;

3. Mental anguish in the past and in the future;

4. Loss of earning capacity in the past and in the future;

5. Physical disfigurement in the past and in the future; and,

6. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,250,000.00.

X.
<u>JURY DEMAND</u>

Plaintiff demands a trial by jury and tendered the appropriate fee.

XI.
<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Brayan R. Nunez Crisanto, prays that Defendant, Caladan Oceanic, LLC, be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER & HARRIS L.L.P.


*/s/ Matthew D. Shaffer*
DENNIS M. MCELWEE
TBA # 13587820
MATTHEW D. SHAFFER
TBA # 18085600
Laura B. De La Cruz
TBA # 24095300
SCHECHTER, MCELWEE, SHAFFER AND HARRIS, L.L.P.
3200 Travis, 3rd Floor
Houston TX  77006
713-524-3500 Tel
713-751-0412 Fax
Email: dmcelwee@smslegal.com
Email: mshaffer@smslegal.com
Email: ldelacruz@smslegal.com
**ATTORNEYS FOR PLAINTIFF**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all attorneys of record through the Court's electronic filing manager for all counsel of record whose email address is on file with the Court's electronic filing manager, or by email on this the 23rd day of July 2018.

*/s/ Matthew D. Shaffer*
Matthew D. Shaffer