UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRAYAN R. NUNEZ CRISANTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1270-B |
| | § | |
| CALADAN OCEANIC, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Caladan Oceanic, LLC's Motion to Dismiss (Doc. 26). For the reasons stated below, the Court **DENIES** the Motion.

## I.

## BACKGROUND

In June 2017, Plaintiff Brayan Nunez Crisanto was allegedly injured while working as an oilman and a crewmember of Defendant Caladan Oceanic, LLC's vessel, which at all relevant times was in navigable waters near Seattle, Washington. Doc. 23, Am. Compl., 2.

In April 2018, Crisanto sued Caladan in state court, asserting common-law negligence under the general maritime law of the United States. Doc. 1-1, Pl.'s Original Pet., ¶ 2. Caladan removed, and this Court agreed that removal was proper. *See* Doc. 17, Order Denying Mot. to Remand. Crisanto amended his pleadings accordingly. Doc. 23, Am. Compl.

Caladan then filed its 12(b)(6) Motion to Dismiss on September 19, 2018, arguing that Crisanto's Jones Act claims—which it identified as those for negligence, vessel unseaworthiness, and maintenance and cure benefits—should be dismissed because Crisanto had not adequately pled his

seaman status. Doc. 27, Br. Mot. to Dismiss, ¶ 1. Caladan did not challenge Crisanto's alternative claims under the Longshore and Harbor Workers' Compensation Act. *Id.* at 3. Caladan later amended its argument to state that while only the negligence claim arose under the Jones Act, Crisanto's claims of unseaworthiness and maintenance and cure also depend on his seaman status, and so should be dismissed as well. Doc. 33, Br. Reply, ¶¶ 5–6. As all briefing has been received, this Court now addresses this Motion.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." *Id.* 12(b)(6). To survive a 12(b)(6) motion, "enough facts to state a claim to relief that is plausible on its face" must be pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "This is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Felder v. Nabors Offshore Corp.*, 2015 WL 13048726, at *2 (E.D. La. Mar. 16, 2015) (quoting *Iqbal*, 556 U.S. at 679).

# III.

# ANALYSIS

To qualify as a seaman (1) "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission;" and (2) he "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995) (internal quotations omitted). This definition is used for all three claims—Jones Act negligence, vessel unseaworthiness, and maintenance and cure benefits. *See* Pattern Civ. Jury Instr. 5th Cir. 4.1 (2014) (addressing seaman status for Jones Act and unseaworthiness claims); *id.* 4.10 (addressing seaman status for a maintenance and cure claim).

> Crisanto's Amended Complaint, in relevant part, states:
>
> At all material times, Plaintiff was employed as an oilman by Defendant, Caladan Oceanic, LLC, in service of the DSSV PRESSURE DROP, a vessel, and Plaintiff was a member of the vessel's crew. At all material times, the DSSV PRESSURE DROP was owned and/or operated by Defendant, Caladan Oceanic, LLC. At all material times, the DSSV PRESSURE DROP was in navigable waters near Seattle, Washington.

Doc. 23, Am. Compl., 2. Albeit concise, this language is similar to that of other pleadings that our sister courts have accepted as sufficient at the same stage in the litigation. *See Felder*, 2015 WL 13048726, at *3. In *Felder*, the defendant attacked Felder's pleadings on a motion to dismiss under both 12(b)(1) and 12(b)(6), disputing his seaman status. *Id.* The relevant allegations were: "Felder was employed by [Defendant] Nabors Offshore Corporation as a Jones Act Seaman assigned to a group of vessels in navigation. At all pertinent times hereto Nabors Offshore Corporation owned, operated and/or controlled the group of vessels to which plaintiff was assigned." *Id.* The court held that this satisfied Federal Rule of Civil Procedure 8(a)(2). *Id.* And despite the fact that "both sides

submitt[ed] disparate evidence in support of their respective positions as to Felder's seaman status," the court concluded that it was unable to resolve those disputed facts at the motion to dismiss stage, and denied the motion without prejudice. *Id.* at 4.

Here, Caladan argues that Crisanto has not pled sufficient facts. But the Court finds that on the face of the pleadings, Crisanto has pled factual content that allows the reasonable inference that Caladan is liable—Crisanto has stated that he was a crewmember of Caladan's vessel, which at all relevant times was in navigable waters. Caladan argues that even a vessel "in navigable waters" may not be "in navigation" as required by *Chandris*, but none of Caladan's cited cases were decided on motions to dismiss, and there is no indication that if the pleadings were amended, the Court would be able to decide the disputed facts at this stage. *See* Doc. 27, Br. Mot. to Dismiss, ¶¶ 7–8; *Felder*, 2015 WL 13048726, at *4. Thus, the Court finds that a fact-intensive inquiry into Crisanto's seaman status is best left to later in the proceedings.

## IV.
## CONCLUSION

For the reasons stated, the Court **DENIES** Caladan's Motion to Dismiss, Doc. 26.

**SO ORDERED.**

**SIGNED: October 30, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE